# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

SUCHART ("MAHA") TREEMETH, et al.,

        Plaintiff,

  vs.

TYPHOON!, INC.,

        Defendant.

_____/

Case No. **3:12-cv-00882-AC**

AFFIDAVIT OF SERVICE

STATE OF OREGON
County of Multnomah      ss.

I, Bill Geary, being first duly sworn, depose and say that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Subpoena to Testify at a Deposition in a Civil Action (English Translation); Subpoena to Testify at a Deposition in a Civil Action (Thai Translation); Defendant's Unopposed Motion for an Order to Show Cause and Contempt Sanctions; Memorandum in Support of Defendants' Unopposed Motion for an Order to Show Cause and Contempt Sanctions; Declaration of Clarence M. Belnavis in Support of Defendants' Unopposed Motion for an Order to Show Cause and Contempt Sanctions; Exhibits A-D; Notice of Electronic Filing; $59.21 Witness Fee Check*

By delivering the aforementioned documents to **RAVADEE KITDEE**, personally and in person, at 10918 NE Everett St., Portland, OR 97220 on February 01, 2014 at 10:16 AM.

I declare under the penalty of perjury that the above statement is true and correct.

SUBSCRIBED AND SWORN BEFORE ME
this _____ day of _____, 20__
by Bill Geary.

_____
Notary Public

X_____
Bill Geary
Nationwide Process Service, Inc.
1201 S.W. 12th Avenue, Suite 300
Portland, OR 97205
503-241-0636



OFFICIAL SEAL
MARY KATHRYN BRODBECK
NOTARY PUBLIC - OREGON
COMMISSION NO. 473953
MY COMMISSION EXPIRES DECEMBER 05, 2016



*306211*

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## DISTRICT OF

### OREGON

SUCHART ("MAHA") TREEMETH and NUALJIRA ("NUAN") TREEMETH,

CASE NUMBER:  3:12-cv-00882-AC

Plaintiffs,

v.

TYPHOON!, INC., an Oregon corporation, et al.

Defendants.

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

TO:    Ms. Ravadee Kitdee
        12600 SW Crescent Street
        Beaverton, OR 97005

☒  *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE OF DEPOSITION:<br>Fisher & Phillips, LLP<br>111 SW Fifth Avenue, Suite 4040<br>Portland, OR  97204 | DATE AND TIME:<br>2/5/14 @ 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: stenographically transcribed by a certified court reporter and a Thai interpreter will be provided.

☐  *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____        *CLERK OF COURT*

OR

_____              _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>**Erin O. Sweeney , Attorney for Defendants** | DATE<br>1/31/14 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>**Erin O. Sweeney, FISHER & PHILLIPS LLP, 111 SW Fifth Avenue, Suite 4040, Portland, Oregon 97204, Telephone: (503) 242-4262** | |

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Portland 117083.1

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐  I served the subpoena by delivering a copy to the named individual as follows:_____

_____ on *(date)* _____; or

☐  I returned the subpoena unexecuted because :_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 59.21.

My fees are $ _____ for travel _____ and $ _____ for services, for a total of $ _____.

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: _____

_____
*SERVER'S SIGNATURE*

_____
*PRINTED NAME AND TITLE*

_____
*SERVER'S ADDRESS*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 ©, (d), (e), and (g)

(c) PLACE OF COMPLIANCE.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(f) TRANSFERRING A SUBPOENA-RELATED MOTION. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

(g) CONTEMPT. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

ศาลของประเทศสหรัฐอเมริกา

-----------------------------------เขตโอเรกอน-----------------------------------

สุชาติ (" มหา ") ตรีเมต และ นวลจิรา (" นวล ") ตรีเมต ,        คดีหมายเลข : 03:12 -CV- 00882 -AC

โจทก์

TYPHOON ! , INC ,บริษัท โอเรกอน , et al

จำเลย

หมายศาลเรียกตัวให้ไปเป็นพยานใน การสืบหาข้อมูลในคดีแพ่ง

ถึง: นางสาว เรวดี คิดดี
12600 SW Crescent Street
Beaverton, OR 97005

หลักฐาน : คุณ ได้รับคำสั่งให้ไป ปรากฏตัว ในช่วงเวลาวันที่และ สถานที่ ที่กำหนดไว้ ด้านล่างเพื่อ เป็นพยานใน
การสืบหาข้อมูล ในการดำเนินการ ทางแพ่ง นี้ ถ้าคุณเป็น องค์กรคุณต้องมอบหมายให้เจ้าหน้าที่ กรรมการ
หรือตัวแทน การจัดการ ที่ ยินยอมที่จะ เป็นพยาน ในนามของคุณ เกี่ยวกับเรื่องดังต่อไป ที่ระบุไว้
ในเอกสารแนบมา:

_____

สถานที่ของการสอบถามเพื่อ สะสมข้อมูล :                                วันที่และเวลา :
ฟิชเชอร์ และ ฟิลลิป , แอลเเอล                                          2/5/14 @ 10:00
111 SW Fifth Avenue , Suite 4040
Portland OR 97204

_____

การให้คำปากคำข้อมูลจะถูกบันทึกไว้ โดยวิธี เครื่องบันทึกของศาล โดย เจ้าหน้าที่ผู้ได้รับการรับรองแล้ว

_____

•สิ่งที่ต้องนำมาด้วย: คุณ หรือ เป็นตัวแทน ของคุณ จะต้อง นำเอกสารดังต่อไปนี้มาให้การเป็นพยานให้ปากคำ
ข้อมูลที่เก็บไว้ ด้วยระบบอิเล็กทรอนิกส์ หรือสิ่งต่างๆ ที่เกี่ยวข้อง หรือวัตถุและจะต้อง อนุญาตให้มี การตรวจสอบ
การคัดลอก การทดสอบ หรือ การเก็บตัวอย่าง หลักฐานที่เอามา :
_____
ได้แนบบทบัญญัติของ เฟด อาร์ Civ แนบ - กฎข้อ 45 (C) ที่เกี่ยวข้องกับ สถานที่ ทำจะต้องไปให้ปากคำ 45 (D)
ที่เกี่ยวข้องกับหมายศาลและกฎข้อ 45 (E ) และ ( G) เกี่ยวข้องกับ หน้าที่ สิทธิเทพเพื่อป้องกัน
ตัวของคุณผู้ได้รับหมายศาลและผลกระทบ ที่อาจจะเกิดขึ้น ถ้าไม่ปฏิบัติตาม

วันที่: _____ เสมียนศาล

หรือ

_____        _____
ลายเซ็นต์ของเสมียนศาลหรือเจ้าหน้าที่ผู้ออกหมายศาล        ลายเซ็นต์ของทนาย

_____

ลายเซ็น ของเจ้าหน้าที่ผู้ออกหมายศาล และตำแหน่ง ( แสดงให้เห็น ทนาย โจทก์ หรือ จำเลย )        วันที่
                                                                                                    1/31/14
Erin O. Sweeney , ทนาย จำเลย
_____

ชื่อที่อยู่ และหมายเลขโทรศัพท์ของผู้ออกหมายเรียกตัว
Erin O. Sweeney, Fisher & PHILLIPS LLP , 111 SW Fifth Avenue , Suite 4040 , Portland OR 97204 ,
โทรศัพท์: ( 503) 242-4262

_____

                ข้อประกาศเกี่ยวกับผู้ที่ออกหมายศาลเรียกตัว หรือผู้ที่ขอร้องให้ออกหมายศาลเรียกตัว
ถ้า หมายศาล นี้สั่งให้จัดทำเอกสารข้อมูลหรือ ข้อมูลที่เก็บไว้ในระบบอิเล็กทรอนิค หรือหลักฐานที่จับต้องได้
จะต้องมีการแจ้งให้ทราบล่วงหน้าเพื่อจบการให้สำเนาหมายศาลแก่ทั้งสองฝ่าย ก่อนที่จะถึงเวลาเรียกตัว. Fed R.
Civ. P. 45(a)(4).

                                    หลักฐาน การให้บริการ
                    ( ส่วนนี้ ไม่ควรที่จะ ยื่นต่อ ศาลเว้นแต่มีความจำเป็น โดย Fed R. Civ. P. 45.)
_____
_____

        _____ข้าพเจ้าได้รับ หมายศาล สำหรับ (ชื่อ ของ บุคคลและ ชื่อ ถ้ามี) _____
_____

เมื่อวันที่ ( วันที่ ) _____

        _____ข้าพเจ้า ได้ส่งสำเนาหมายศาลโดยการส่ง สำเนา _____

ที่ ( วันที่ ) _____ หรือ

_____ ข้าพเจ้าได้นำหมายศาลกลับมาโดยไม่สามารถส่งได้เนื่องจาก _____
_____
_____

ยกเว้นในกรณีที่ หมายศาลออก ในนามของ ประเทศสหรัฐอเมริกา หรือ ในนามของเจ้าหน้าที่ หรือตัวแทนของ
ข้าพเจ้าได้ มอบค่าธรรมเนียมในการเป็นพยาน รวมทั้งค่าใช้จ่ายในการเดินทางเป็นจำนวนเงิน $ 59.21

ค่าธรรมเนียม ของข้าพเจ้า เป็น $ _____ สำหรับค่าเดินทาง _____ และ $ _____
สำหรับการให้บริการ รวมเป็น $_____

                        การปฏิญาณตนของผู้ส่งหมายศาล
ข้าพเจ้าขอปฏิญาณ ภายใต้บทลงโทษ ของการเบิกความเท็จ ภายใต้กฎหมายของ ประเทศสหรัฐอเมริกาว่า
ดังกล่าวข้างต้น ที่มีอยู่ใน หลักฐานการ บริการที่เป็นจริง และ ถูกต้อง

วันที่:_____

_____

ลายเซ็นด์ของผู้ส่งหมายศาล

_____
ชื่อตัวบรรจงและตำแหน่ง

_____
ที่อยู่ ของผู้ส่งหมายศาล

ข้อมูลเพิ่มเติมเกี่ยวกับ ความพยายามที่ ให้บริการ อื่น ๆ :

กฎ สหพันธ์ วิธีพิจารณาความแพ่ง © 45 (d ) (e) และ (g)
(c) สถานที่ของ การปฏิบัติตาม
                    (1)การทดลอง , การรับฟัง หรือ สะสม
หมายศาลจะส่ง ใหับุคคล ที่จะเข้าธิวมการพิจารณาคดี การไอยิน
หรือ การสะสม เพียง ดังนี้:
                    (A) ภายใน 100 ไมล์ ของ
ที่คนอาศัยอยู่ เป็น ลูกฉ้าง ประจำ หรือ ทำธุรกรรม ทางธุรกิจ
ในคน หรือ
                    (B) ในรัฐ ที่บุคคลอาศัยอยู่ ที่
เปืนลูกฉ้าง ประจำ หรือ ทำธุรกรรม ทางธุรกิจ ในคน ถ้าคน
                    (i) เปืนฝ่าย
ของ เจ้าหน้าที่ ของพรรคหรือ
                    (ii ) จะ
ไดรับคำสั่ง ให้เข้าธิวม การพิจารณาคดีและจะ ไม่ต้องเสีย
ค่าใช้ฉ้าย
                    (2) การคืนพบ อื่น ๆ หมายศาลจะส่ง :
                    (A) การผลิต เอกสาร
ข้อมูลที่เก็บไว้ ด้วยระบบอิเล็กทรอนิกส์ หรือ สิ่ง ที่จับต้องได้
ในสถานที่ ภายในรัศมี 100 ไมล์ ของ คนที่อาศัยอยู่ เป็นลูกฉ้าง
ประจำ หรือ ที่ประกอบธุรกิจของบุคคลนั้นและ
                    (B) การตรวจสอบ สถานที่
หรือสถานที่ ที่จะได้รับ การตรวจสอบ
(d) การ ปกป้องผู้ที่ได้รับหมายศาล SUBJECT
การบังคับใช้หมายศาล ;
                    (1) การหลีกเลี่ยง ภาระ ค่าใช้ฉ้ายที่

ไม่จำเป็น บุคคลหรือ ทนายความ ผู้รับผิดชอบในการออก
หมายศาล จะต้องใช้ขั้นตอน ที่เหมาะสมเพื่อ หลีกเลี่ยง
ภาระค่าใช้จ่ายเกินควร ในเรื่องการรับหมายศาล ศาล อำเภอ
ต้อง ปฏิบัติตามหน้าที่ที่ บังคับใช้หมายศาล
นี้และต้องใช้ความเหมาะสม ซึ่ง อาจรวมถึงการ ชดเชย รายได้ที่
หายไปและ ค่าใช้จ่าย ที่เหมาะสม ของ บุคคลหรือ
ทนายความของบุคคล ที่ ไม่ปฏิบัติตามหมายศาล
              (2) คำสั่ง ในการให้ ผลิต เอกสารและ
การอนุญาติให้ตรวจสอบหลักฐาน
                          (A) ไม่จำเป็นต้องปรากฏตัว
บุคคลที่ ได้รับคำสั่ง ให้ผลิต เอกสาร ข้อมูลที่เก็บไว้
ด้วยระบบอิเล็กทรอนิกส์ หรือ สิ่ง ที่จับต้องได้ หรือ อนุญาตให้มี
การตรวจสอบ สถานที่ ไม่จำเป็นต้องไปปรากฏตัวที่สถานที่ ที่
การผลิต หรือ การตรวจสอบ นอกจาก มีการบังคับให้ไป
ปรากฏตัว ในการถามคำถามเพื่อสะสมข้อมูลในการได้พิจารณาคดี
                          (B) การคัดค้าน บุคคลที่
ได้รับคำสั่ง ให้ผลิตเอกสาร หรือ สิ่ง ที่จับต้องได้ หรือ เพื่อ
อนุญาตให้มีการ ตรวจสอบ อนุญาตให้มีการออกหมายศาลคัดค้าน
การคัดลอก การทดสอบ หรือ การสุ่มตัวอย่าง ใดหรือทั้งหมดของ
วัสดุ หรือ การตรวจสอบสถานที่  เพื่อการผลิต ข้อมูลที่เก็บไว้
ด้วยระบบอิเล็กทรอนิกส์ ในรูปแบบหรือรูปแบบ ที่ต้องการ
การคัดค้านจะต้อง ทำถอนที่จะถึง เวลาที่กำหนด หรือ 14
วันหลังจากวันที่ได้รับ หมายศาล หาก มีการคัดค้านจะต้องทำตาม
กฎระเบียบ ดังต่อไปนี้ :
                          (i) ในช่วงเวลา
ใด ๆ ที่ได้แจ้งให้ทราบ ไปยังผู้ที่ออกหมายศาล อาจจะย้าย ศาล
ต้องการไปเสนอข้อมูลหลักฐาน สำหรับการตรวจสอบ
                          (ii) การกระทำเหล่านี้
อาจจะต้อง เป็นผู้ทำตามคำสั่ง และคำสั่งจะต้องปกป้อง
บุคคลที่ไม่ใช่บุคคลฝ่ายหนึ่งฝ่ายใด เพื่อป้องกัน
ไม่ให้มีค่าใช้จ่ายอย่างสูง เกินไป
ซึ่งเป็นผลมาจากการปฏิบัติตามหมายศาล

(3) การยกเลิก หรือ การเปลี่ยนแปลง หมายศาล
( A ) เมื่อ มีการ ยกเลิก
หรือเปลี่ยนแปลง ถ้าเสนอเรื่องทันเวลา ใน เวลาที่เหมาะสม
ศาลจะยอมยกเลิกหรือแก้ไขหมายศาลต่อเมื่อ
(i)
ให้ระยะเวลาที่จะทำตามไม่ เหมาะสม
(ii )
บังคับให้ผู้ได้รับหมายศาลปฏิบัติ เกินขอบเขต ที่ระบุไว้ใน กฎข้อ
45 (c);
(iii) ต้องเปิดเผยข้อมูล
ของ สิทธิพิเศษ หรืออื่น ๆ ที่มีการป้องกันไว้ ถ้า ไม่มีข้อยกเว้น
หรือ การสละสิทธิ์ ใช้ หรือ
(iv)
ทำให้ผู้ได้รับหมายศาลได้รับภาระเกินควร
( B ) เมื่อ
ได้รับอนุญาตให้มีการยกเลิกหรือเปลี่ยนแปลงหมายศาล
เพื่อป้องกัน ผู้ที่ได้หมายศาล หรือผู้ได้รับผลกระทบจากหมายศาล
ศาลในเขตที่จะต้องปฏิบัติตาม เกี่ยวกับการเคลื่อนไหว
หรือเปลี่ยนแปลงหมายศาลจะต้องทำดังนี้
(i) การเปิดเผย
ความลับทางการค้าหรือ งานวิจัยอื่น ๆ ที่เป็นความลับ การพัฒนา
หรือข้อมูล การค้า หรือ
(ii) การเปิดเผย
ความคิดของผู้เชี่ยวชาญ unretained หรือ ข้อมูล ที่
ไม่ได้อธิบาย เกิดขึ้น เฉพาะ ใน ข้อพิพาท และผล จากการศึกษา
ของผู้เชี่ยวชาญจากบุคคลที่ไม่ได้ร้องขอ
(C) ระบุ เงื่อนไข ที่เป็น ทางเลือก
ในสถานการณ์ ที่อธิบายไว้ใน กฎข้อ 45 (ง) (3) ( B )
ศาลอาจ แทนการ ลบล้าง หรือการปรับเปลี่ยนหมายศาล ลักษณะ
การสั่งซื้อ หรือการผลิต ภายใต้เงื่อนไข ที่ระบุ ต่อไปนี้ :
(i) แสดงให้ เห็นถึง
ความจำเป็น อย่างมากสำหรับ คำให้การ หรือวัสดุ
หรือการผลิตหลักฐานด้วยความยาก ลำบากเกินควร
(ii) เพื่อให้แน่ใจ ว่าคนที่

รับหมายศาลจะ ได้รับค่าชดเชย ที่เหมาะสม
(e) หน้าที่ ในการตอบรับเมื่อได้รับ หมายศาล
(1) การผลิต เอกสาร หรือที่
เก็บไว้ในอิเล็กทรอนิกส์ ขั้นตอนต่อไปนี้ ให้นำไปใช้กับ
การผลิตเอกสาร หรือ ข้อมูลที่เก็บไว้ ด้วยระบบอิเล็กทรอนิกส์ :
(A) เอกสาร
ผู้ได้รับหมายศาล จะต้อง ผลิตเอกสารได้
ตามลักษณะที่เอกสารถูกเก็บ ในหลักปกติของธุรกิจ หรือ จะต้อง
จัดระเบียบและเขียนรายชื่อ ให้ตรงกับ
ประเภทที่อยู่ในความต้องการ
(B) แบบฟอร์มสำหรับ การผลิต
ข้อมูล ที่เก็บไว้ในอิเล็กทรอนิกส์ ไม่ระบุ ถ้า หมายศาลไม่ได้ระบุ
รูปแบบในการผลิต ข้อมูลที่เก็บไว้ ด้วยระบบอิเล็กทรอนิกส์ บุคคล
ตอบสนอง จะต้อง สร้างมันขึ้นมา ในรูปแบบ ที่ ไม่เปลี่ยนแปลง
หรือ ในรูปแบบ ใช้งานได้ หรือรูปแบบที่พอเพียง ที่ใช้งานได้
(C) ข้อมูล
ที่เก็บไว้ในอิเล็กทรอนิกส์ ที่ผลิตใน แบบฟอร์มหนึ่ง แบบฟอร์มใด
ที่ผู้ได้รับหมายศาลไม่จำเป็น ต้อง เปลี่ยนแปลงเป็นอย่างอื่น
(D) ข้อมูล
ที่เก็บไว้ในอิเล็กทรอนิกส์ ที่ไม่สามารถจะเอาได้ ข้อมูลที่เก็บไว้
ด้วยระบบอิเล็กทรอนิกส์ จากแหล่งที่ ว่าบุคคลที่ ระบุว่า
ไม่สามารถเข้าถึงได้ โดยไม่เป็นภาระเกินควร หรือต้องค่าใช้จ่าย
สูง เกินควร ในการที่จะค้นพบ ามที่บังคับ หรือเพื่อ
ป้องกันผู้ที่ได้รับหมายศาล ต้องแสดงให้ เห็น
ว่าข้อมูลที่ไม่สามารถเข้าถึงได้ เพราะเป็น ภาระ เกินควร
หรือค่าใช้จ่าย มาก เมื่อพิจารณาแล้ว
ศาลอาจจะให้ดำเนินการจัดการหามา ถ้าบุคคลที่ร้องขอ
แสดงให้ เห็นถึง สาเหตุที่ดี เมื่อพิจารณาแล้วจาก ข้อ จำกัด ของ
กฎข้อ ที่ 26(b) (2) ( C) ศาลอาจ กำหนดเงื่อนไข
สำหรับการค้นพบ

(2)อ้างสิทธิหรือคุ้มครอง
(A) ข้อมูล ที่ถูกระงับ เก็บไว้
ผู้ขอระงับปกป้องข้อมูลที่อ้างว่า มันเป็น สิทธิพิเศษ หรือ

ภายใต้การคุ้มครอง เป็นวัสดุ การทดลอง การเตรียมความพร้อม
ต้อง :

(i)

ทำการเรียกร้องและให้ชัดเจน

(ii) อธิบาย
ลักษณะของเอกสารที่ ระงับไว้ การสื่อสาร หรือ สิ่ง
ที่จับต้องได้โดยที่ ไม่ต้อง เปิดเผยข้อมูล ที่ตัวเอง
ได้รับการยกเว้น หรือ การป้องกันในการช่วยให้ บุคคลที่จะ
เรียกร้อง

(B) ข้อมูลที่ในการ
ผลิตตามหมายศาล อาจจะมี เรียกร้องสิทธิ และการป้องกัน
เพื่อการเตรียมตัวขึ้นศาล บุคคลนั้น อาจจะแจ้งให้ทุกฝ่ายได้รับ
ข้อมูลของการเรียกร้อง และเป็นพื้นฐาน สำหรับการใด
หลังจากได้รับการ แจ้งแล้ว บุคคลที่ได้รับแจ้งเตือน
บุคคลจะต้องทำลายข้อมูล และเอกสารที่ระบุ
ทันที , รวมทั้งสำเนาต่างๆ ทันที
ต้องไม่เปิดเผยข้อมูลจนกว่าคดีจะสิ้นสุด เรียกร้อง ได้รับการแก้ไข
; ต้องใช้ขั้นตอน ที่เหมาะสม เพื่อดึงข้อมูล ในกรณีที่ บุคคลที่
เปิดเผย มาถือมา ได้รับแจ้ง และ ทันที อาจ นำเสนอข้อมูล
ภายใต้ตราประทับไปยังศาล ศาลเขต ที่ ปฏิบัติตาม
เป็นสิ่งจำเป็นสำหรับ ความมุ่งมั่น ของการเรียกร้อง คนที่ ผลิต
ข้อมูลที่จะต้อง รักษาข้อมูล จนกว่าคดีจะสิ้นสุด
(f) การโอนหมายศาลและการยื่นเรื่องที่เกี่ยวข้อง เมื่อศาลที่
จะต้อง ปฏิบัติตาม ไม่ได้ ออก หมายศาลก็ อาจจะมีการโอน
การเคลื่อนไหวภายใต้การปกครอง นี้ศาล ออก ถ้าคน
อยู่ภายใต้การยินยอม หรือ หมายศาลหากศาล พบว่า กรณีพิเศษ
แล้วถ้า ทนายความ สำหรับเรื่อง บุคคลที่จะ
หมายศาลมีอำนาจที่จะ ปฏิบัติใน ศาลที่ เคลื่อนไหวได้ทำ
ทนายความอาจยื่น เอกสารและ ปรากฏ ในการเคลื่อนไหว
เป็นเจ้าหน้าที่ ของศาล ออก ในการบังคับใช้ เพื่อ การทำงานที่
ศาล ออก คำสั่ง อาจโอนไปยังศาล ที่มี
การเคลื่อนไหวที่ถูกสร้างขึ้น
(g) ดูถูก ศาล อำเภอ ที่ จะต้อง ปฏิบัติตาม– และ หลังจากที่
การเคลื่อนไหวจะถูกโอน ศาล ออก – อาจจะ ดูถูก คนที่

ได้รับการ ทำหน้าที่ล้มเหลว ไม่มีข้อแก้ตัว เพียงพอที่จะ ปฏิบัติตาม
หมายศาลหรือคำสั่งที่เกี่ยวข้องกับมัน



FISHER & PHILLIPS LLP
PORTLAND ACCOUNT
111 SW 5TH AVE STE 1250
PORTLAND, OR 97204-3639

3292

64-10-610

DATE  January 31, 2014

PAY
TO THE
ORDER OF  Ravadee Kitdee

$ 59.21

Fifty-nine and 21/100                                         DOLLARS

SunTrust

ACH RT 081000104

Witness Fee
FOR Treemeth v. Typhoon1, Inc. - 24705.0549

⑅"000032 92 2⑅"  ⑅:06 ⑅000 ⑅04⑅: ⑅000000 2 96 97 06⑅"

From: (503) 242-4262
Stephanie Hosey
Fisher & Phillips
111 SW Fifth Avenue
4040
Portland, OR 97204

Origin ID: MRIA


**FedEx**
Express

**E**

J141013122T0026

Ship Date: 29JAN14
ActWgt: 1.0 LB
CAD: 103385915/INET3490

Delivery Address Bar Code



Ref # 24705.0549
Invoice #
PO #
Dept #

SHIP TO: (503) 242-4262          BILL SENDER
**Ravadee Kitdee**

**10918 NE Everett Street**

**PORTLAND, OR 97220**



TRK# 7977 6496 4784
0201

**86 PDXA**

THU - 30 JAN 10:30A
PRIORITY OVERNIGHT

**RES**
**97220**
OR-US
**PDX**



522G1/DXECIF220

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Clarence M. Belnavis, OSB #962463
Email Address: cbelnavis@laborlawyers.com
Erin O. Sweeney, OSB #106632
Email Address: esweeney@laborlawyers.com
Fisher & Phillips LLP
111 SW 5th Avenue, Suite 4040
Portland, Oregon  97204
Phone: (503) 242-4262
Facsimile: (503) 242-4263

        Attorneys for Defendants

## UNITED STATE DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **SUCHART ("MAHA") TREEMETH** and **NUALJIRA ("NUAN") TREEMETH,** | Case No.: 3:12-cv-00882-AC |
| Plaintiffs, | |
| v. | **DEFENDANTS' UNOPPOSED MOTION FOR AN ORDER TO SHOW CAUSE AND CONTEMPT SANCTIONS** |
| **TYPHOON!, INC.,** an Oregon corporation; **TYPHOON! ON BROADWAY, L.L.C.,** an Oregon limited liability company; **TYPHOON! BEAVERTON, L.L.C.,** an Oregon limited liability company; **BONGOJ ("BO") LOHASAWAT KLINE,** individually; and **BONGOJ ("BO") LOHASAWAT KLINE,** as Personal Representative for the Estate of Stephen Edward Kline (deceased), | *EXPEDITED REVIEW REQUESTED* |
| Defendants. | |

## CERTIFICATION OF CONFERRAL

        Pursuant to L.R. 7.1(a), counsel for Defendants certify they conferred with counsel for

Plaintiffs on this motion and Plaintiffs do not take a position.

Page 1    **DEFENDANTS' UNOPPOSED MOTION FOR AN ORDER TO SHOW CAUSE AND CONTEMPT SANCTIONS**

        **FISHER & PHILLIPS LLP**
        111 SW Fifth Avenue, Suite 4040
        Portland, Oregon 97204
        (503) 242-4262

## MOTION

Pursuant to FRCP 45(g), Defendants Typhoon!, Inc, Typhoon! on Broadway, LLC, Typhoon! Beaverton LLC and Bongoj "Bo" Kline, individually and as personal representative of the Estate of Stephen Edward Kline (collective "Defendants") hereby move for an order requiring Ravadee Kitdee ("Ms. Kitdee") to appear before this Court and show cause for why she should not be held in contempt of court for disobeying a lawful subpoena requiring her appearance at a deposition in this matter on January 24, 2014. Should Ms. Kitdee be unable to demonstrate an adequate excuse for her failure to comply, Defendants respectfully request that the following remedial contempt sanctions be imposed:

1.    Ms. Kitdee be ordered to appear for a deposition to be taken by Defendants on or before February 14, 2014;

2.    Ms. Kitdee be ordered to pay Defendants' reasonable fees and costs incurred related to this motion;  and

3.    Any further relief the Court deems just and equitable.


This motion is accompanied by the Memorandum in Support of Defendants' Motion For an Order to Show Cause and Contempt Sanctions, and the Declaration of Clarence M. Belnavis and its accompanying exhibits, filed herewith.

DATED: January 28, 2014          FISHER & PHILLIPS LLP


　　　　　　　　　　　　　　　 /s/ Clarence M. Belnavis
　　　　　　　　　　　　　　Clarence M. Belnavis, OSB ##962463
　　　　　　　　　　　　　　Erin O. Sweeney, OSB #106632
　　　　　　　　　　　　　　FISHER & PHILLIPS LLP
　　　　　　　　　　　　　　(503) 242-4262
　　　　　　　　　　　　　　Attorneys for Defendants


Page 2    **DEFENDANTS' UNOPPOSED MOTION FOR AN ORDER TO SHOW CAUSE AND CONTEMPT SANCTIONS**

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

Portland 116932.1

Case 3:12-cv-00882-H.    Document 62    Filed 01/28/14    Pa_ 3 of 3    Page ID#: 591

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' UNOPPOSED MOTION FOR AN ORDER TO SHOW CAUSE AND CONTEMPT SANCTIONS** as indicated below on:

Anne D. Foster
Dunn, Carney, Allen, Higgins & Tongue LLP
851 SW Sixth Ave., Suite 1500
Portland, OR 97204

Jimmy W. Go
Jimmy W. Go, PC
851 SW Sixth Ave., Suite 1500
Portland, OR 97204
**Attorneys for Plaintiffs**

☒ **Electronic Service**: by electronic means through the Court's Case Management/Electronic Case File System, on the date set forth below.

☐ **Fax and Mail**: by faxing to the attorney at the fax number as above stated, which is the last-known fax number for the attorney's office, on the date set forth below; and by mailing a full, true, and correct copy in a sealed envelope with postage prepaid thereon, addressed as above stated, which is the last known address of the attorney, and depositing it with the United States Postal Service at Portland, Oregon, on the date set forth below.
_____ **Plus E-mail\***

☐ **Regular or Priority Mail**: by mailing a full, true, and correct copy thereof in a sealed envelope with postage prepaid thereon, addressed as above stated, which is the last-known office address of the attorney, and (check one that applies):

  ☐ Depositing it with the United States Postal Service at Portland, Oregon, on the date set forth below. _____ **Plus E-mail\***

  ☐ Sending it via priority mail service on the date set forth below. ___ **Plus E-mail\***

☐ **Hand-Delivery**: by causing a full, true and correct copy thereof to be hand-delivered to the attorney at either the attorney's last known office address as above stated, on the date set forth below, or at another location where the attorney is known to be, on the date set forth below. _____ **Plus E-mail\***

\*E-mail: Where checked above, e-mail was effected by causing a full, true and correct copy thereof to be transmitted to the attorney in WordPerfect or Word format via electronic correspondence to the attorney's last-known e-mail address in accordance with United States District Court Local Rule 5.2(b).

SIGNED: January 28, 2014          FISHER & PHILLIPS LLP

  /s/ Clarence M. Belnavis
Clarence M. Belnavis, OSB #962463
Erin O. Sweeney, OSB #106632
Attorneys for Defendants

Page 1    **CERTIFICATE OF SERVICE**

Clarence M. Belnavis, OSB #962463
Email Address: cbelnavis@laborlawyers.com
Erin O. Sweeney, OSB #106632
Email Address: esweeney@laborlawyers.com
Fisher & Phillips LLP
111 SW 5th Avenue, Suite 4040
Portland, Oregon  97204
Phone: (503) 242-4262
Facsimile: (503) 242-4263

      Attorneys for Defendants


## UNITED STATE DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **SUCHART ("MAHA") TREEMETH** and **NUALJIRA ("NUAN") TREEMETH**, | Case No.: 3:12-cv-00882-AC |
| Plaintiffs, | |
| v. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR AN ORDER TO SHOW CAUSE AND CONTEMPT SANCTIONS** |
| **TYPHOON!, INC.**, an Oregon corporation; **TYPHOON! ON BROADWAY, L.L.C.,** an Oregon limited liability company; **TYPHOON! BEAVERTON, L.L.C.,** an Oregon limited liability company; **BONGOJ ("BO") LOHASAWAT KLINE**, individually; and **BONGOJ ("BO") LOHASAWAT KLINE,** as Personal Representative for the Estate of Stephen Edward Kline (deceased), | *EXPEDITED REVIEW REQUESTED* |
| Defendants. | |

      Pursuant to FRCP 45(g), Defendants Typhoon!, Inc, Typhoon! on Broadway, LLC,

Typhoon! Beaverton LLC and Bongoj "Bo" Kline, individually and as personal representative of

the Estate of Stephen Edward Kline (collective "Defendants") bring this application for an order

Page 1   **MEMORANDUM IN SUPPORT OF DEFENDANTS'**   <span style="font-size:smaller">FISHER & PHILLIPS LLP<br>111 SW Fifth Avenue, Suite 4040<br>Portland, Oregon 97204<br>(503) 242-4262</span>
        **UNOPPOSED MOTION FOR AN ORDER TO SHOW**
        **CAUSE AND CONTEMPT SANCTIONS**

requiring Ravadee Kitdee ("Ms. Kitdee") to appear before this Court and show cause for why she should not be held in contempt for disobeying a lawful subpoena requiring her appearance at a deposition on January 24, 2014, and for civil contempt sanctions should inadequate excuse be provided.

Rule 45(g) of the *Federal Rules of Civil Procedure* provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id, see also* 18 U.S.C. § 401 (3) (federal court has power to punish disobedience of lawful process or order). In a civil contempt action, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media, LLC.*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and Cnty. of S. F.*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992)).

It is clear that Ms. Kitdee has violated a specific and definite order of the Court. On January 9, 2014, Ms. Kitdee was served via personal service at her residence with a subpoena commanding her appearance for a deposition on January 24, 2014 at the office of Fisher & Phillips LLP, 111 SW Fifth Avenue, Suite 4040, Portland, OR 97204 at 10:00 AM. (*See* Declaration of Clarence M. Belnavis ("Belnavis Dec."), ¶2, Exh. A.) Additionally, on January 10, 2014, Defendants sent a letter to Ms. Kitdee at her residence via Federal Express, which enclosed a copy of the subpoena and process server's affidavit of service. The letter also confirmed the time, date and location of her deposition, notified Ms. Kitdee that Defendants were willing to provide a Thai interpreter for her deposition if needed, and asked that she notify Defendants by January 17, about her preference on an interpreter. (Belnavis Dec., ¶3, Exh. B.) The letter was delivered by Federal Express to Ms. Kitdee's residence on January 11, 2014. (Belnavis Dec., ¶4, Exh. C.) On January 15, Ms. Kitdee was again personally served at her

Page 2    **MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR AN ORDER TO SHOW CAUSE AND CONTEMPT SANCTIONS**

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

residence with another copy of the subpoena and a check for her witness fee. (Belnavis Dec., ¶2, Exh. A.)

Despite the letter and that she was personally served with a subpoena containing all necessary information about the deposition and the appropriate witness fee, Ms. Kitdee did not appear at the January 24 deposition. (Belnavis Dec., ¶6.) After Ms. Kitdee did not arrive at 10:00 a.m., shortly thereafter several unsuccessful attempts were made by Defendants to contact her via telephone. (Belnavis Dec., ¶ 6.) Ms. Kitdee never contacted Defendants' counsel before or after the time set for the deposition. (Belnavis Dec., ¶7.) She did not make any objections to the subpoena and, therefore, any are waived. *See e.g.*, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A nonparty's failure to timely make objections to a Rule 45 subpoena . . . generally requires the court to find that any objections have been waived."). Therefore, Defendants can only assume that Ms. Kitdee chose to disregard the subpoena and knowingly failed to attend her deposition.

In light of the above facts, a civil contempt sanction should be imposed as Ms. Kitdee has disobeyed a "specific and definite court order by [her] failure to take all reasonable steps within [her] power to comply." *Go-Video v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993); *see also Martinez v. City of Pittsburg*, 2012 U.S. Dist. LEXIS 27230, *7 (N.D. Cal., March 1, 2012) ("Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court.").[1]  A civil contempt sanction can serve two purposes: (1) to coerce compliance with a court order, and (2) compensate a prevailing party. *Ahearn v. Int'l Longshore & Warehouse Union*, Local 21, 721 F.3d 1122, 1128 (9th Cir. 2013).  Defendants seek both results. Ms. Kitdee is an important witness in this case and Defendants' will be prejudiced if they are unable to depose her prior to submitting a dispositive motion or trial. (Belnavis Dec., ¶9.)

---

[1] A copy of this opinion is attached to the Belnavis Dec. as Exh. D.

Page 3    **MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**UNOPPOSED MOTION FOR AN ORDER TO SHOW**
**CAUSE AND CONTEMPT SANCTIONS**

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

Moreover, compensatory sanctions are particularly appropriate as Defendants have incurred unnecessary fees and costs in their attempt to get Ms. Kitdee to comply with the subpoena.

Ms. Kitdee should be required to appear before this Court and show cause for why she should not be held in contempt of court for disobeying the subpoena. Should she be unable to demonstrate an adequate excuse, Defendants request that the following remedial sanctions:

1.     Ms. Kitdee be ordered to immediately appear for a deposition to be taken by Defendants on or before February 14, 2014;

2.     Ms. Kitdee be ordered to pay Defendants' reasonable fees and costs incurred related to this motion; and

3.     Any further relief the court deems just and equitable.

DATED: January 28, 2014                    FISHER & PHILLIPS LLP


                                           __/s/ Clarence M. Belnavis_____
                                           Clarence M. Belnavis, OSB ##962463
                                           Erin O. Sweeney, OSB #106632
                                           FISHER & PHILLIPS LLP
                                           (503) 242-4262
                                           Attorneys for Defendants


Page 4     **MEMORANDUM IN SUPPORT OF DEFENDANTS'**          FISHER & PHILLIPS LLP
           **UNOPPOSED MOTION FOR AN ORDER TO SHOW**        111 SW Fifth Avenue, Suite 4040
           **CAUSE AND CONTEMPT SANCTIONS**                     Portland, Oregon 97204
                                                                   (503) 242-4262

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR AN ORDER TO SHOW CAUSE AND CONTEMPT SANCTIONS** as indicated below on:

Anne D. Foster
Dunn, Carney, Allen, Higgins & Tongue LLP
851 SW Sixth Ave., Suite 1500
Portland, OR 97204

Jimmy W. Go
Jimmy W. Go, PC
851 SW Sixth Ave., Suite 1500
Portland, OR 97204
**Attorneys for Plaintiffs**

☒ **Electronic Service**: by electronic means through the Court's Case Management/Electronic Case File System, on the date set forth below.

☐ **Fax and Mail**: by faxing to the attorney at the fax number as above stated, which is the last-known fax number for the attorney's office, on the date set forth below; and by mailing a full, true, and correct copy in a sealed envelope with postage prepaid thereon, addressed as above stated, which is the last known address of the attorney, and depositing it with the United States Postal Service at Portland, Oregon, on the date set forth below.
_____ **Plus E-mail***

☐ **Regular or Priority Mail**: by mailing a full, true, and correct copy thereof in a sealed envelope with postage prepaid thereon, addressed as above stated, which is the last-known office address of the attorney, and (check one that applies):

　　☐ Depositing it with the United States Postal Service at Portland, Oregon, on the date set forth below. _____ **Plus E-mail***

　　☐ Sending it via priority mail service on the date set forth below. ___ **Plus E-mail***

☐ **Hand-Delivery:** by causing a full, true and correct copy thereof to be hand-delivered to the attorney at either the attorney's last known office address as above stated, on the date set forth below, or at another location where the attorney is known to be, on the date set forth below. _____ **Plus E-mail***

*E-mail: Where checked above, e-mail was effected by causing a full, true and correct copy thereof to be transmitted to the attorney in WordPerfect or Word format via electronic correspondence to the attorney's last-known e-mail address in accordance with United States District Court Local Rule 5.2(b).

SIGNED: January 28, 2014    FISHER & PHILLIPS LLP


　　_____/s/ Clarence M. Belnavis_____
　　Clarence M. Belnavis, OSB #962463
　　Erin O. Sweeney, OSB #106632
　　Attorneys for Defendants

Page 1    **CERTIFICATE OF SERVICE**

Clarence M. Belnavis, OSB #962463
Email Address: cbelnavis@laborlawyers.com
Erin O. Sweeney, OSB #106632
Email Address: esweeney@laborlawyers.com
Fisher & Phillips LLP
111 SW 5th Avenue, Suite 4040
Portland, Oregon 97204
Phone: (503) 242-4262
Facsimile: (503) 242-4263

      Attorneys for Defendants

## UNITED STATE DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| SUCHART ("MAHA") TREEMETH and NUALJIRA ("NUAN") TREEMETH, | Case No.: 3:12-cv-00882-AC |
|         Plaintiffs, | |
| v. | |
| TYPHOON!, INC., an Oregon corporation; TYPHOON! ON BROADWAY, L.L.C., an Oregon limited liability company; TYPHOON! BEAVERTON, L.L.C., an Oregon limited liability company; BONGOJ ("BO") LOHASAWAT KLINE, individually; and BONGOJ ("BO") LOHASAWAT KLINE, as Personal Representative for the Estate of Stephen Edward Kline (deceased), | DECLARATION OF CLARENCE M. BELNAVIS IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR AN ORDER TO SHOW CAUSE AND CONTEMPT SANCTIONS |
|         Defendants. | |

      I, Clarence M. Belnavis, am over the age of eighteen (18) and am competent to testify to the following:

Page 1    **DECLARATION OF CLARENCE M. BELNAVIS**    FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

Case 3:12-cv-00882-Hґ.   Document 64   Filed 01/28/14   Paɡ̣ 2 of 4   Page ID#: 598

1.      I am an attorney of record for Defendants Typhoon!, Inc, Typhoon! on Broadway, LLC, Typhoon! Beaverton LLC and Bongoj "Bo" Lohasawat Kline ("Defendants").   This declaration is based upon my current knowledge.

2.      Attached as Exhibit "A" is a copy of the subpoena personally served on Ravadee Kitdee ("Ms. Kitdee") at her home address, commanding her appearance for a deposition on January 24, 2014, along with the check provided to Ms. Kitdee and affidavits of service provided by the process server.  Ms. Kitdee was initially served with the subpoena on January 9, and was personally served with the witness fee check and another copy of the subpoena on January 15.

3.      Attached as Exhibit "B" is a copy of the January 10, 2014, letter my office sent to Ms. Kitdee at her home address confirming her deposition on January 24.   The letter also notified Ms. Kitdee that Defendants were willing to provide a Thai interpreter for the deposition if needed, and asked Ms. Kitdee to let my office know by Friday, January 17, 2014, if she would like an interpreter available.

4.      Attached as Exhibit "C" is a copy of the receipt from Federal Express confirming that Exhibit B was delivered on January 11.

5.      Ms. Kitdee never contacted my office regarding Defendants' offer to provide a Thai interpreter for her deposition.

6.      On January 24, 2014,  Defendants' counsel was ready to depose Ms. Kitdee. Defendants' had arranged for a court reporter and a Thai interpreter to be available and each appeared at my office on January 24 at 10:00 a.m., the time and place set on the subpoena for the deposition. Plaintiff's counsel Anne Foster also appeared for the deposition. Ms. Kitdee did not appear as required by the subpoena or at any time on January 24. My office also made several attempts to contact her by telephone on January 24 after she did not arrive for the deposition but were unsuccessful.

7.      As of the date of this declaration, Ms. Kitdee has not contacted Defendants' counsel or our office in any way, nor made any objection to the subpoena.

Page 2      **DECLARATION OF CLARENCE M. BELNAVIS**      FISHER 8 PHILLIPS LLP
III SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

Portland 116955.1

8.      Attached as Exhibit "D" is a copy of the case *Martinez v. City of Pittsburg*, 2012 U.S. Dist. LEXIS 27230 (N.D. Cal., March 1, 2012), which is cited in Defendants' motion.

9.      Ms. Kitdee's failure to appear has harmed and prejudiced Defendants. Defendants  spent significant time and money preparing for the deposition Ms. Kitdee failed to attend, including incurring costs of a process server, court reporter, Thai interpreter and for an attorney to prepare for and attend the deposition.  Moreover, Defendants will be deprived of the right to depose Ms. Kitdee during before submitting its dispositive motion and trial. Ms. Kitdee is a former Thai employee of Defendants' Typhoon! and worked directly with both Plaintiffs for many years. Ms. Kitdee was identified by Plaintiffs' in their depositions as a person knowledgeable about several issues important to the case and/or as a witness to several important communications. Additionally, Ms. Kitdee is the owner and/or manager of the restaurant that currently employs both Plaintiffs. Defendants initially set Ms. Kitdee's deposition for a date in November 2013 and made several unsuccessful attempts to serve her at her home and place of work prior to that deposition. Due to other discovery issues in this case and the brief extension of time for discovery granted by the Court on December 5, 2013, Defendants decided to reschedule the deposition for January and service was effected. Discovery is set to close on February 5, 2014, and dispositive motions are due on February 21, 2014.

I hereby declare that the above statements are based upon my personal knowledge, are true to the best of my knowledge and belief, that I am competent to testify to the matters stated herein, and that I understand they are made for use as evidence in court and are subject to penalty of perjury.

Dated: January 28, 2014          ___/s/ Clarence M. Belnavis_____
                                 Clarence M. Belnavis, OSB ##962463
                                 FISHER & PHILLIPS LLP
                                 (503) 242-4262
                                 Attorneys for Defendants

Case 3:12-cv-00882-H/   Document 64    Filed 01/28/14    Pag_ 4 of 4    Page ID#: 600

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DECLARATION OF CLARENCE M. BELNAVIS IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR AN ORDER TO SHOW CAUSE AND CONTEMPT SANCTIONS** as indicated below on:

Anne D. Foster
Dunn, Carney, Allen, Higgins & Tongue LLP
851 SW Sixth Ave., Suite 1500
Portland OR, 97204

Jimmy W. Go
Jimmy W. Go, PC
851 SW Sixth Ave., Suite 1500
Portland OR, 97204
**Attorneys for Plaintiffs**

☒ **Electronic Service**: by electronic means through the Court's Case Management/Electronic Case File System, on the date set forth below.

☐ **Fax and Mail**: by faxing to the attorney at the fax number as above stated, which is the last-known fax number for the attorney's office, on the date set forth below; and by mailing a full, true, and correct copy in a sealed envelope with postage prepaid thereon, addressed as above stated, which is the last known address of the attorney, and depositing it with the United States Postal Service at Portland, Oregon, on the date set forth below.
_____ **Plus E-mail***

☐ **Regular or Priority Mail**: by mailing a full, true, and correct copy thereof in a sealed envelope with postage prepaid thereon, addressed as above stated, which is the last-known office address of the attorney, and (check one that applies):

    ☐ Depositing it with the United States Postal Service at Portland, Oregon, on the date set forth below. _____ **Plus E-mail***

    ☐ Sending it via priority mail service on the date set forth below. _____ **Plus E-mail***

☐ **Hand-Delivery**: by causing a full, true and correct copy thereof to be hand-delivered to the attorney at either the attorney's last known office address as above stated, on the date set forth below, or at another location where the attorney is known to be, on the date set forth below. _____ **Plus E-mail***

*E-mail: Where checked above, e-mail was effected by causing a full, true and correct copy thereof to be transmitted to the attorney in WordPerfect or Word format via electronic correspondence to the attorney's last-known e-mail address in accordance with United States District Court Local Rule 5.2(b).

SIGNED: January 28, 2014                    FISHER & PHILLIPS LLP

                                      /s/ Clarence M. Belnavis
                                      Clarence M. Belnavis, OSB #962463
                                      Erin O. Sweeney, OSB #106632
                                      Attorneys for Defendants

Page 1    **CERTIFICATE OF SERVICE**

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 1250
Portland, Oregon 97204
(503) 242-4262

Portland 116955.1

Case 3:12-cv-00882-HA    Document 64-1    Filed 01/28/14    Page 1 of 5    Page ID#: 601

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

——— DISTRICT OF ———
### OREGON

SUCHART ("MAHA") TREEMETH and NUALJIRA
("NUAN") TREEMETH,                                 **SUBPOENA IN A CIVIL CASE**

                              Plaintiff,    CASE NUMBER: 3:12-cv-00882-AC

                    v.

TYPHOON!, INC., an Oregon corporation, et al.

Defendant.

TO:    Ms. Ravadee Kitdee
       12600 SW Crescent Street
       Beaverton, OR 97005

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Fisher & Phillips, LLP<br>111 SW Fifth Avenue, Suite 4040<br>Portland, OR 97204 | DATE AND TIME<br>1/24/14 @ 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Erin O. Sweeney, ATTORNEY FOR DEFENDANTS | DATE<br>1/7/14 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Erin O. Sweeney, FISHER & PHILLIPS LLP, 111 SW Fifth Avenue, Suite 4040, Portland, Oregon 97204<br>(503) 242-4262 | |

See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse]

Exhibit A
Page 1 of 5

Case 3:12-cv-00882-HA    Document 64-1    Filed 01/28/14    Page 2 of 5    Page ID#: 602

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

ADDRESS OF SERVER

111 SW Fifth Avenue, Suite 1250

Portland, Oregon 97204-1151

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**FISHER & PHILLIPS LLP**
**PORTLAND ACCOUNT**
111 SW 5TH AVE STE 1250
PORTLAND, OR 97204-3639

3269

64-10-610

November 15, 2013

DATE

PAY
TO THE
ORDER OF_____ Ravadee Kitdee _____ $ 59.21

Fifty-Nine and 21/100————————————————————— DOLLARS

**SUNTRUST** ACH RT 061000104

FOR Answer Deposition Witness/Mileage Fee
Typhoon v. Treemeth 24705.0549

⑆0000 3269⑆ ⑆061000104⑆ 100000 2969706⑈

1

Exhibit A
Page 3 of 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUCHART ("MAHA") TREEMETH, et al.,

           Plaintiff,

  vs.

TYPHOON!, INC.,

           Defendant.

_____/

Case No. **3:12-cv-00882-AC**

AFFIDAVIT OF SERVICE

STATE OF OREGON
County of Multnomah     ss.

I, Bill Geary, being first duly sworn, depose and say that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Subpoena in a Civil Case; $59.21 Witness Fee Check*

By delivering the aforementioned documents to **RAVADEE KITDEE**, personally and in person, at 10918 NE Everett Street, Portland, OR 97220 on January 09, 2014 at 6:00 PM.

I declare under the penalty of perjury that the above statement is true and correct.

X_____
Bill Geary
Nationwide Process Service, Inc.
1201 S.W. 12th Avenue, Suite 300
Portland, OR 97205
503-241-0636

SUBSCRIBED AND SWORN BEFORE ME
this 11th day of January , 2014
by Bill Geary.

_____
Notary Public

OFFICIAL SEAL
MARY KATHRYN BRODBECK
NOTARY PUBLIC - OREGON
COMMISSION NO. 473953
MY COMMISSION EXPIRES DECEMBER 05, 2016

*385649*

Exhibit A
Page 4 of 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUCHART ("MAHA") TREEMETH, et al.,

        Plaintiff,

vs.

TYPHOON!, INC.,

        Defendant.

_____/

Case No. **3:12-cv-00882-AC**

**AFFIDAVIT OF SERVICE**

STATE OF OREGON
County of Multnomah      ss.

I, Bill Geary, being first duly sworn, depose and say that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Subpoena in a Civil Case; $59.21 Witness Fee Check*

By delivering the aforementioned documents to **RAVADEE KITDEE**, personally and in person, at 10918 NE Everett Street, Portland, OR 97220 on January 15, 2014 at 9:40 AM.

I declare under the penalty of perjury that the above statement is true and correct.

X_____
Bill Geary
Nationwide Process Service, Inc.
1201 S.W. 12th Avenue, Suite 300
Portland, OR 97205
503-241-0636

SUBSCRIBED AND SWORN BEFORE ME
this 15ᵗʰ day of January, 2014
by Bill Geary.

_____
Notary Public

OFFICIAL SEAL
MARY KATHRYN BRODBECK
NOTARY PUBLIC - OREGON
COMMISSION NO. 473953
MY COMMISSION EXPIRES DECEMBER 05, 2016

*305649*

Exhibit A
Page 5 of 5

# FISHER & PHILLIPS LLP
### ATTORNEYS AT LAW

www.laborlawyers.com

**Portland**
111 SW Fifth Avenue
Suite 4040
Portland, OR 97204-3604

(503) 242-4262 Tel
(503) 242-4263 Fax

**Writer's Direct Dial:**
(503) 205-8042

**Writer's E-mail:**
esweeney@laborlawyers.com

January 10, 2014

VIA FEDERAL EXPRESS OVERNIGHT DELIVERY

Ravadee Kitdee
10918 NE Everett Street
Portland, OR 97220

      Re:   *Suchart and Nualjira Treemeth v. Typhoon!, Inc., et al.*
             *US District Court Case No.: 3:12-cv-00882-AC*

Dear Ms. Kitdee,

    Our office represents the Defendants in the above-referenced matter. As you know, we served the enclosed Deposition Subpoena on you yesterday, which requires your attendance at a deposition on <u>Friday, January 24, 2014 at 10:00 a.m.</u> in my office. We are willing to provide an official Thai interpreter for the deposition. However, we will need to arrange for the interpreter as soon as possible. Please let me or my assistant, Danielle Cerdas, know by 5:00 p.m. on Friday, January 17, 2014, if you will require or prefer a translator be present. We can be reached via telephone, fax, mail or email and my contact information is above.

    Should you have any questions about the interpreter or deposition, please let us know.

                    Sincerely,

                    Erin O. Sweeney
                    Attorney For FISHER & PHILLIPS LLP

EOS:dc
Enclosure

Atlanta · Baltimore · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Fort Lauderdale · Gulfport · Houston · Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · Memphis · New England · New Jersey · New Orleans · Orlando · Philadelphia · Phoenix · Portland · San Antonio · San Diego · San Francisco · Tampa · Washington, DC

Portland 116428.1

AO 88 (Rev  1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

————————————— DISTRICT OF —————————————

### OREGON

SUCHART ("MAHA") TREEMETH and NUALJIRA
("NUAN") TREEMETH,

**SUBPOENA IN A CIVIL CASE**

Plaintiff,  CASE NUMBER:  3:12-cv-00882-AC

v

TYPHOON!, INC., an Oregon corporation, et al.

Defendant.

TO:   Ms. Ravadee Kitdee
12600 SW Crescent Street
Beaverton, OR 97005

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Fisher & Phillips, LLP 111 SW Fifth Avenue, Suite 4040 Portland, OR  97204 | DATE AND TIME 1-24-14  a  10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Erin O. Sweeney, ATTORNEY FOR DEFENDANTS | DATE 1/7/14 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Erin O. Sweeney, FISHER & PHILLIPS, LLP, 111 SW Fifth Avenue, Suite 4040, Portland, Oregon 97204 (503) 242-4262 | |

See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Portland 116325 1

Exhibit B
Page 2 of 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUCHART ("MAHA") TREEMETH, et al.,

        Plaintiff,

vs.

TYPHOON!, INC.,

        Defendant.

        /

Case No. **3:12-cv-00882-AC**

**AFFIDAVIT OF SERVICE**

STATE OF OREGON
County of Multnomah     ss.

I, Bill Geary, being first duly sworn, depose and say that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Subpoena in a Civil Case; $59.21 Witness Fee Check*

By delivering the aforementioned documents to **RAVADEE KITDEE**, personally and in person, at 10918 NE Everett Street, Portland, OR 97220 on January 09, 2014 at 6:00 PM.

I declare under the penalty of perjury that the above statement is true and correct.

X

Bill Geary
Nationwide Process Service, Inc.
1201 S.W. 12th Avenue, Suite 300
Portland, OR 97205
503-241-0636

SUBSCRIBED AND SWORN BEFORE ME
this 11th day of _____, 2014
by Bill Geary.

Notary Public

OFFICIAL SEAL
**MARY KATHRYN BRODBECK**
NOTARY PUBLIC - OREGON
COMMISSION NO. 473953
MY COMMISSION EXPIRES DECEMBER 05, 2016

#385649*

Exhibit B
Page 3 of 3



IMPORTANT!
Severe winter weather is causing delays and disruptions in the eastern U.S. Learn More

FedEx.

| 797610386404 | | |
|---|---|---|
| Ship (P/U) date :<br>Fri 1/10/2014 4:29 pm | | Actual delivery :<br>Sat 1/11/2014 10:34 am |
| Portland, OR  US | Delivered<br>Signature not required | Portland, OR  US |

**Travel History**

| Date/Time | Activity | Location |
|---|---|---|
| ▾ 1/11/2014 - Saturday | | |
| 10:34 am | Delivered<br>Left at front door. Package delivered to recipient address - release authorized | Portland OR |
| 8:52 am | On FedEx vehicle for delivery | PORTLAND, OR |
| 8:49 am | At local FedEx facility | PORTLAND, OR |
| ▾ 1/10/2014 - Friday | | |
| 9:09 pm | At local FedEx facility | PORTLAND, OR |
| 7:27 pm | At destination sort facility | PORTLAND, OR |
| 7:10 pm | Left FedEx origin facility | PORTLAND, OR |
| 4:29 pm | Picked up | PORTLAND, OR |
| 5:58 pm | Shipment information sent to FedEx | |

Local Scan Time ▾

**Shipment Facts**

| Tracking number | 797610386404 | Service | FedEx Priority Overnight |
|---|---|---|---|
| Weight | 0.5 lbs | Delivered To | Residence |
| Total pieces | 1 | Total shipment weight | 0.5 lbs / 0.2 kgs |
| Shipper reference | 24765.0549/1200 | Packaging | FedEx Envelope |
| Special handling section | For Saturday Delivery, Residential Delivery | | |

Exhibit C<br>Page 1 of 1

Case 3:12-cv-00882-HA    Document 64-4    Filed 01/28/14    Page 1 of 6    Page ID#: 610

# Lexis®

Custom ID : - Hours - ▼ | Switch Client | Preferences | Help | Sign Out

| Search | Get a Document | Shepard's® | More | | History | Alerts |

FOCUS™ Terms [_____]    Search Within [Original Results (1 - 3)] 🔽 [Go]    Advanced...

View Tutorial

Source:  **Legal > / ... / > Federal Court Cases, Combined** 🛈
Terms:  **name(martinez and pittsburg)**  (Suggest Terms for My Search)

⤵Select for FOCUS™ or Delivery
☐

*2012 U.S. Dist. LEXIS 27230, \**

HILARIO **MARTINEZ,** Plaintiff, v. CITY OF **PITTSBURG,** et al., Defendants.

No. C 11-01017 SBA (LB)

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

2012 U.S. Dist. LEXIS 27230

March 1, 2012, Decided
March 1, 2012, Filed

**PRIOR HISTORY:** Martinez v. City of Pittsburg, 2012 U.S. Dist. LEXIS 27225 (N.D. Cal., Mar. 1, 2012)

**CORE TERMS:** subpoena, deposition, contempt, non-party's, civil contempt, contemnor, discovery, street, non-compliance, arrest, good faith, process server, attorney's fees, properly served, noticed, failure to comply, civil rights action, personally delivered, witness fee, personal service, accompanied, practicable, separately, nonparty, awarding, issuing, attend, coerce, movant, purge

**COUNSEL:** **[\*1]** For Hilario Martinez, Plaintiff: Panos Lagos ▾, Law Offices of Panos Lagos, Oakland, CA.

For City of Pittsburg, City of Pittsburg Police Department, Daniel Buck, individually and as a Officer of the City of Pittsburg Police Department (Badge #293), Chunliam Saechao, individually and as a Officer of the City of Pittsburg Police Department (Badge #288), Ryan Wilkie, individually and as a Officer of the City of Pittsburg Police Department (Badge #265), Brian Scott, individually and as a Officer of the City of Pittsburg Police Department (Badge #292), Defendants:
Peter Pratt Edrington ▾🖈, LEAD ATTORNEY, Edrington Schirmer & Murphy LLP, Pleasant Hill, CA.

**JUDGES:** LAUREL BEELER ▾, United States Magistrate Judge.

**OPINION BY:** LAUREL BEELER ▾

**OPINION**

ORDER (1) GRANTING PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND (2)

ORDER (1) GRANTING PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND (2)
**ORDERING NON-PARTY JAVIER ORTIZ TO APPEAR AND SHOW CAUSE WHY HE SHOULD NOT
BE HELD IN CONTEMPT FOR FAILURE TO APPEAR AT HIS DEPOSITION**

### I. INTRODUCTION

In this federal civil rights action, Plaintiff Hilario Martinez served a Rule 45 subpoena on non-party
Javier Ortiz for a deposition that was to occur on December 6, 2011. Lagos Declaration, Exh. B,
Subpoena, ECF No. 41-2 at 8-10; *id.*, Exh. C, Proof of Service,  **[*2]** ECF No. 41-2 at 12; *see* Fed.
R. Civ. P. 45. After Mr. Ortiz refused service and failed to appear at his deposition, Mr. Martinez
asked the district court to order Mr. Ortiz to appear and show cause why he should not be held in
civil contempt for failing to appear at his deposition. Application, ECF No. 41 at 7. Mr. Martinez
also asks for $3,112.50, which are the litigation costs that he incurred after Mr. Ortiz did not
appear for his deposition. *Id.* The presiding district judge previously referred the case to a
magistrate judge for all discovery purposes. Order of Referral, ECF No. 27. Because his application
involves a discovery dispute, and at the court's direction, Mr. Martinez noticed the application for
hearing on March 1, 2012. 01/18/2012 Order, ECF No. 40; Re-Notice of Motion, ECF No. 41-1. Mr.
Ortiz did not respond to Mr. Martinez's application or appear at the hearing on March 1, 2012.

For good cause shown, the court orders Mr. Ortiz to appear before this court on March 15, 2012
at 11:00 a.m. to show cause why he should not be held in civil contempt for failure to appear at
his deposition..

### II. BACKGROUND

On March 4, 2011, Mr. Martinez filed this civil rights action against the  **[*3]** City of Pittsburg, its
police department, and several of its police officers, claiming wrongful arrest, excessive force
during the arrest, wrongful prosecution in state court for resisting arrest, and other constitutional
violations. Complaint, ECF No. 1. [1] Ultimately, Mr. Martinez was acquitted in the state criminal case
against him. *See People v. Martinez*, Contra Costa County Case No. 162025-1.

---

**FOOTNOTES**

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number
at the top of the document, not the pages at the bottom.

---

Mr. Ortiz witnessed Mr. Martinez's arrest and was interviewed by the police. Lagos Declaration,
Exh. A, Ortiz Statement, ECF No. 41-2 at 5-6. Mr. Martinez then tried to depose Mr. Ortiz, serving
him with a subpoena on November 28, 2011, and noticing the deposition for December 6, 2011.
Lagos Declaration, Exh. B, Subpoena, ECF No. 42-2 at 8-10. The subpoena, which contained all
required information [2], was personally delivered to Mr. Ortiz by a person at least 18 years of age
and was accompanied by a $60.00 check payable to Mr. Ortiz to cover the statutory witness fee
for one day's attendance (currently $40.00) and reasonable mileage. Lagos Declaration,  **[*4]** Exh
C, Proof of Service, ECF No. 41-2 at 12; Kravin Declaration, ECF No. 41-4 at 2, ¶ 2; *see* Fed. R.
Civ. P. 45(b)(1); 28 U.S.C. § 1821. According to the process server, Mr. Ortiz refused to keep the
papers, placed them on the process server's vehicle, and stated that he would not appear for his
deposition. Riesterer Declaration, ECF No. 41-3 at 2, ¶ 4; Kravin Declaration, ECF No. 41-4 at 2, ¶
3. The process server took the papers and left them on the driveway to Mr. Ortiz's home. Kravin
Declaration, ECF No. 41-4 at 2, ¶ 3. The next day, Mr. Martinez's counsel mailed Mr. Ortiz a letter
that explained that Mr. Ortiz's failure to appear would violate the subpoena and could subject him
to monetary sanctions (such as attorney's fees and costs that are reasonably incurred as a result
of his failure to appear) and/or could result in the court finding him in contempt (with the
possibility of his being placed in jail). Lagos Declaration, Exh. D, 11/29/2011 Letter, ECF No. 41-2
at 14-15. [3] Despite this warning, on December 6, 2011, Mr. Ortiz failed to appear for his
deposition. Lagos Declaration, Exh. F, Ortiz Deposition Transcript, ECF No. 41-2 at 23-29.

---

**FOOTNOTES**

1/26/14                              Get a Document - by Party Name - Martinez AND Pittsburg

2 The subpoena stated the name of the **[*5]** issuing court, the title of the action, the time and location of the deposition, and the method of conducting it. Lagos Declaration, Exh. B, Subpoena, ECF No. 42-2 at 8; *see* Fed. R. Civ. P. 45(a)(1)(A)(i)-(iii) & (a)(1)(B). It also attached, as required, a copy of Federal Rule of Civil Procedure 45(c) and (d), which relate to the rights of a subpoenaed party. Lagos Declaration, Exh. B, Subpoena, ECF No. 42-2 at 10; *see* Fed. R. Civ. P. 45(a)(1)(A)(iv).

3 On November 30, 2011, Mr. Martinez's counsel received an envelope from an unidentified sender that contained the $60.00 witness fee check (which had been voided) and two copies of the subpoena, along with a note that explained that the enclosed check and subpoenas had been found on the street at the intersection of Beacon Street and 10th Street in Pittsburg, California. Lagos Declaration, Exh. E, Note and Enclosed Documents, ECF No. 41-2 at 17-22.

Mr. Martinez then asked the court to issue an order to show cause to Mr. Ortiz why he should not be held in civil contempt for failing to appear at his deposition. Application, ECF No. 41 at 7. Mr. Martinez also asks for $3,112.50, the costs it incurred based on Mr. Ortiz's failure to appear. *Id.*; **[*6]** Lagos Declaration, ECF No. 41-2 at 2-3, ¶¶ 4-5. Plaintiff noticed the application for March 1, 2012, and the papers were "delivered by hand to the residence of Javier Ortiz located at 1181 Beacon Street, Apt. B, Pittsburg, CA, 94565" on January 26, 2012. Proof of Service, ECF No. 41-5 at 2-3. 4 Mr. Ortiz did not file any opposition. The court held a hearing on March 1, 2011, but Mr. Ortiz failed to appear.

### FOOTNOTES

4 The proof of service that was filed does not indicate whether Mr. Ortiz or another person accepted personal service of the papers or whether the papers were simply left at the residence.

### III. DISCUSSION

The court addresses the sufficiency of the subpoena first and then turns to the consequences of Mr. Ortiz's non-compliance.

A. Sufficiency of Subpoena and Service

A subpoena shall "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." Fed. R. Civ. P. 45(a)(1)(A)(iii). As described above, the subpoena contained all required information (such as the time and place of the deposition) and was personally delivered to Mr. Ortiz **[*7]** on November 28, 2011. *See* Fed. R. Civ. P. 45(a)(1)(A)-(B) & (b)(1); *see also Prescott v. County of Stanislaus*, No. 1:10-cv-00592 JLT, 2011 U.S. Dist. LEXIS 134137, 2012 WL 10617, at *3 (E.D. Cal. Nov. 21, 2011) ("A majority of courts interpret "delivering" to require personal service.") (citations omitted). Thus, it was valid and properly served on Mr. Ortiz. Mr. Ortiz's refusal to keep the papers after they were properly served on him does not render their service invalid. *See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009) (in the context of Rule 4, explaining that "[s]ufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendants knowing and intentional actions to evade service").

B. Sanction for Non-Compliance With Valid Subpoena: Contempt and Rule 37(a)(5) Costs/Fees

Because the subpoena was valid and properly served, the court turns to the consequences of Mr.

Ortiz's non-compliance with it.

Rule 45(e) allows a court to "hold in contempt a [non-party] **[*8]** who, having been served, fails without adequate notice to obey the subpoena." *See also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (citing and discussing previous subsection of former Rule 45). Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court. *United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010); *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001) (citing Advisory Comm. Notes to Rule 45(a), 1991 amend.). If a party seeks a contempt sanction against a non-party, the non-party has a right to be heard in a meaningful fashion. *Hyatt*, 621 F.3d at 696-97.

A contempt charge against a nonparty may be criminal or civil in nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Criminal contempt is punitive, and it is designed to punish the affront to the non-compliance. *See Gompers v. Bucks*, 221 U.S. 418, 441, 31 S. Ct. 492, 55 L. Ed. 797 (1911); *see also In re Sequoia Auto Brokers LTD., Inc.*, 827 F.2d 1281, 1283 n.1 (9th Cir. 1987). Thus, it may include fines payable to the court (as opposed to Mr. Martinez), and it also may include jail time. 18 U.S.C. § 401.

Plaintiff **[*9]** asks for the court to hold Mr. Ortiz in civil contempt. Civil contempt is characterized by the court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). A district court has wide latitude in determining whether there has been a contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). A civil contempt order must be accompanied by a "purge" condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for Southern Dist. of Iowa*, 235 F.2d 692, 699 (8th Cir. 1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt.") (citing *Gompers*, 221 U.S. at 442-44) In imposing civil contempt sanctions, the court must impose the least possible sanction to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) ("Generally, the minimum sanction **[*10]** necessary to obtain compliance is to be imposed.") (citing *Spallone v. United States*, 493 U.S. 265, 280, 110 S. Ct. 625, 107 L. Ed. 2d 644 (1990)). Where the purpose of the contempt order is to ensure a party's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Bademyan v. Receivable Management Services Corporation*, No. CV-08-00519, 2009 U.S. Dist. LEXIS 21923, 2009 WL 605789, at *3 (C.D. Cal. Mar. 9, 2009) (citing *Whittaker*, 953 F.2d at 516).

To establish civil contempt, Plaintiff must show by clear and convincing evidence that Mr. Ortiz violated a specific order of the court. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). If Plaintiff meets that burden, Mr. Ortiz then must show that he took every reasonable step to comply with the subpoena and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). A court may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion. *See Stone*, 968 F.2d at 856-57. If an alleged contemnor's actions were taken in good faith or based on **[*11]** a reasonable interpretation, he should not be held in contempt. *See id.*

As discussed above, Mr. Martinez has shown that Mr. Ortiz violated a specific and definite order of the court by failing to appear for his deposition on December 6, 2011. The court thus grants Mr. Martinez's application for an order to show cause. *See Prescott*, 2011 U.S. Dist. LEXIS 134137, 2012 WL 10617, at *4 (employing this procedure); *Rodriguez v. County of Stanislaus*, No. 1:08-cv-00856 OWW GSA, 2010 U.S. Dist. LEXIS 104319, 2010 WL 3733843, at *6 (Sep. 16, 2010) (proper procedure is issuing the order to show cause).

The court denies Mr. Martinez's request for costs and fees without prejudice. There are two grounds for awarding the costs and fees: as a contempt sanction to coerce compliance with the subpoena for a deposition or as a sanction under Rule 37(a)(5). *See General Ins. Co. of America v. Eastern Consolidated Utilities, Inc.*, 126 F.3d 215, 220 (3rd Cir. 1997) (properly contemnor

*Eastern Consolidated Utilities, Inc.*, 128 F.3d 213, 220 (3rd Cir. 1997) (nonparty contemnor ordered to pay $500 for expenses and attorneys fees); Fed. R. Civ. P. 37(a)(5) (relating to the payment of expenses with respect to a motion to compel). As a contempt sanction, awarding the costs is premature at this juncture, but Mr. Ortiz is warned that a financial penalty is a possible **[*12]** contempt sanction.

As a sanction under Rule 37(a)(5), Mr. Martinez's request fails for two reasons. First, in this District, all motions for sanctions must be filed as separately noticed motions, not as a part of a motion to compel. N.D. Cal. Civ. L.R. 7-8. **5** Mr. Martinez did not do so, and his motion for sanctions fails for this reason. Second, even if he had, Rule 37(a)(5) provides that if a party's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the . . . deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But when a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause, not a motion to compel. *See, e.g., Prescott*, 2011 U.S. Dist. LEXIS 134137, 2012 WL 10617, at *4 (construing defendants' motion to compel a non-party to appear for deposition as an application for an order to show cause why the non-party should not be held in contempt); *Rodriguez*, 2010 U.S. Dist. LEXIS 104319, 2010 WL 3733843, at *6 ("Here, Defendants have failed to employ the appropriate mechanism within which to compel **[*13]** Ms. Torres' deposition. Because Ms. Torres is a non-party to this action, Defendants should have filed an application for an order to show cause why sanctions should not be imposed for Ms. Torres' failure to appear at the deposition. *See* Fed .R. Civ. P. 45(e). Instead, Defendants have filed the instant motion, asking this Court for an order compelling Ms. Torres to attend a deposition."); *Ceremello v. City of Dixon*, No. CIV S-04-1423 DFL EFB, 2006 U.S. Dist. LEXIS 80744, 2006 WL 2989002, at *2 (E.D. Cal. Oct. 18, 2006) ("As explained at the hearing, the 'motion to compel,' which is the remedy under the Federal Rules to compel a party's compliance with a discovery request, is not the applicable procedure to address [a non-party's] alleged refusal to obey a duly-issued subpoena."). Mr. Martinez's motion to compel, and his request for sanctions under Rule 37(a)(5), then, fails for this reason as well, at least at this time. **6**

**FOOTNOTES**

**5** Civil Local Rule 7-8 provides in full: "Any motion for sanctions, regardless of the sources of authority invoked, must comply with the following: (a) The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2; (b) The form of the motion must comply **[*14]** with Civil L.R. 7-2; (c) The motion must comply with any applicable Fed. R. Civ. P. and must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate; and (d) Unless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of judgment by the District Court."

N.D. Cal. Civ. L.R. 7-8.

**6** Mr. Martinez also neglected to cite the remainder of the Rule, which goes on to state that the court need not order this payment "if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). For this reason, whether to impose discovery sanctions is, contrary to Mr. Martinez's suggestion, a matter of the court's discretion. *Forro Precision, Inc. v. IBM Corp.*, 673 F.2d 1045, 1053 (9th Cir. 1982) (citing *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980)).

## IV. CONCLUSION AND ORDER TO SHOW CAUSE TO JAVIER [*15] ORTIZ

Based on the foregoing, Mr. Martinez's application for an order to show cause is GRANTED. Mr. Martinez's motion to compel and for sanctions is DENIED.

1/26/14                                    Get a Document - by Party Name - Martinez AND Pittsburg

Mr. Ortiz is ORDERED to appear before the undersigned on March 15, 2012 at 11:00 a.m. in Courtroom 4, Third Floor, United States District Court, 1301 Clay St., Oakland, California, 94612 to show cause why he should be held in contempt for his failure to comply with the subpoena and appear for his deposition. Should Mr. Ortiz arrange with Mr. Martinez's counsel (Law Offices of Panos Lagos, 5032 Woodminster Lane, Oakland, California, 94602-2614, Tel: (510) 530-4078, Fax: (510) 530-4725, email: panoslagos@aol.com) to appear for a deposition prior to March 15, 2012, the parties shall notify the court immediately, and the March 15, 2012 show cause hearing will be vacated and Mr. Ortiz will not need to be appear on March 15, 2012..

Failure to comply with this order to show cause may subject Mr. Ortiz to the contempt sanctions set forth in the previous section.

The United States Marshal is directed to serve this order on Javier Ortiz at 1181 Beacon Street, Apt. B, Pittsburg, California, 94565 as soon as is practicable.

This disposes of ECF **[*16]** No. 41.

**IT IS SO ORDERED.**

Dated: March 1, 2012

/s/ Laurel Beeler ▾

LAUREL BEELER ▾

United States Magistrate Judge



Source: **Legal > / · · · / > Federal Court Cases, Combined** ⓘ
Terms: **name(martinez and pittsburg)** (Suggest Terms for My Search)
View: Full
Date/Time: Sunday, January 26, 2014 - 7:25 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
🔲 - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

● LexisNexis® About LexisNexis   | Privacy Policy   | Terms & Conditions   | Contact Us
Copyright © 2014 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**Sweeney, Erin**

| | |
|---|---|
| **From:** | info@ord.uscourts.gov |
| **Sent:** | Thursday, January 30, 2014 11:13 AM |
| **To:** | nobody@ord.uscourts.gov |
| **Subject:** | Activity in Case 3:12-cv-00882-HA Treemeth et al v. TYPHOON!, Inc. et al Order on motion for order to show cause |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of Oregon

**Notice of Electronic Filing**

The following transaction was entered on 1/30/2014 at 11:12 AM PST and filed on 1/30/2014
**Case Name:**      Treemeth et al v. TYPHOON!, Inc. et al
**Case Number:**     3:12-cv-00882-HA
**Filer:**
**Document Number:** 66(No document attached)

**Docket Text:**
**ORDER by Judge Ancer L. Haggerty denying defendants' Unopposed Motion for Order to Show Cause and Contempt Sanctions [62]. Defendants' motion is denied with leave to renew as it does not appear Ravadee Kitdee was served with a copy of the motion. Additionally, it appears Ms. Kitdee may not read English. Defendants may renew their motion if Ms. Kitdee is served with a Thai translation of any future subpoena and if she thereafter fails to appear for a deposition. Should Ms. Kitdee fail to appear for the next deposition, the court would consider continuing the discovery deadline with respect to her deposition. (Entered: 1/30/14)(ha1)**

**3:12-cv-00882-HA Notice has been electronically mailed to:**

Anne Devlan Foster     afoster@dunncarney.com, kkudrna@dunncarney.com

Clarence M. Belnavis     cbelnavis@laborlawyers.com, aengelberg@laborlawyers.com, dcerdas@laborlawyers.com, filepdx@laborlawyers.com, pdx@laborlawyers.com

Erin O. Sweeney     esweeney@laborlawyers.com, dcerdas@laborlawyers.com

Jimmy W. Go     jimmygo@lawpdx.com, sadie@lawpdx.com

Samuel T. Smith      ssmith@dunncarney.com, taichele@dunncarney.com

**3:12-cv-00882-HA Notice will <u>not</u> be electronically mailed to:**